JUSTICE KEENAN,
with whom JUSTICE LACY joins, dissenting.
I dissent and would affirm the trial court’s judgment. The testimony of Dr. Wardell and Dr. Carleo was not within the range of common knowledge, did not invade the province of the jury, and was admissible .evidence under Code § 8.01-401.3(B).
Expert testimony is admissible if it will aid the trier of fact in understanding a subject that is outside the scope of common knowledge. Lyle, Siegel, 249 Va. at 436, 457 S.E.2d at 34. Such testimony may be used to assist the fact finder in understanding the evidence or in determining a fact in issue. Code § 8.01-401.3(A).
Here, Dr. Wardell testified that Templeton’s injuries were “slice type” injuries. Dr. Carleo testified that the wounds on Templeton’s knee were parallel, narrow, clean, and deep. He stated that the wounds had an “arcus” shape, consisting of initially shallow cuts, then deeper cuts, followed by more shallow cuts. Both physicians testified that, due to the spacing and nature of lacerations on Templeton’s legs, the wounds were caused by a moving propeller. In addition to their examination of Templeton’s wounds, these physicians based their conclusions on their previous experience in treating lacerations, including some lacerations caused by propellers. This testimony falls outside the range of common knowledge.
These expert opinions were admissible under Code §8.01-401.3(B), which provides, in relevant part, that “[n]o expert . . . witness while testifying in a civil proceeding shall be prohibited from expressing an otherwise admissible opinion or conclusion as *239 to a matter of fact solely because that fact is the ultimate issue or critical to the resolution of the case.” Thus, although the question whether the propeller was in motion and the engine was in gear was the ultimate factual issue to be decided in this negligence action, the physicians’ testimony that Templeton’s wounds were caused by a moving propeller was admissible under this provision.